DAVID J. WINTERTON, ESQ.  
Nevada Bar No. 4142  
DAVID E. DOXEY ESQ.  
Nevada Bar No. 8429  
DAVID J. WINTERTON & ASSOC., LTD.  
211 No. Buffalo, Suite A  
Las Vegas, Nevada 89145  
Phone:    (702) 363-0317  
Facsimile: (702) 363-1630  
david@davidwinterton.com  

E-Filed  3/29/10

ATTORNEYS FOR DEBTOR

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| IN RE: | Case No. BK-S-09-31291-BAM |
|---|---|
| TDF INVESTMENTS, LLC | Chapter 11 |
| Debtor | Date:<br>Time: |

### DEBTOR'S PROPOSED AMENDED PLAN OF REORGANIZATION

Debtor, TDF INVESTMENTS, LLC (Debtor" hereinafter referred to as the "Proponents") hereby submits this Amended Plan of Reorganization ("Amended Plan") under Chapter 11 of the Bankruptcy Code for the resolution of the claims of their creditors and interest holders. The Debtor makes reference to a Amended Disclosure Statement accompanying the Amended Plan which contains the Debtor's history, business, property, financial information, a summary of the Amended Plan and related matters.

### ARTICLE I
### DEFINITIONS

SCOPE OF DEFINITIONS. For purposes of this Amended Plan, all capitalized terms and otherwise defined terms shall have the meanings assigned to them in this Article I. Whenever the context requires, such terms shall include the plural number as well as the singular and the female and/or masculine gender as well as the neuters. Sections 1.46 through 1.47 of this Article I, which are not capitalized terms in alphabetical order, provide for: (i) the incorporation of defined terms from the Bankruptcy Code or the Bankruptcy Rules; and (ii) the incorporation of all definitions as

1

substantive provisions of this Amended Plan.

1.1    "ADMINISTRATIVE CLAIM" means every Claim which is alleged to be entitled to allowance under Section 503(b) of the Bankruptcy Code or otherwise alleged to be entitled to priority pursuant to Section 507(a)(1) of the Bankruptcy Code. Such Claims will include, but are not limited to, the following: (a) any actual, necessary expense of preserving the Estate; (b) any amount required to be paid under Section 365(b) of the Bankruptcy Code in connection with the curing of defaults under executory contracts or unexpired leases; (c) all allowances, including professional fees and costs, which the Bankruptcy Court is requested to approve for professionals employed by the Debtor; (d) any and all other allowances of fees and costs, including professional fees and costs, which the Bankruptcy Court is requested to approve under Section 503(b) of the Bankruptcy Code; (e) all fees payable pursuant to Section 1930 of Title 28 of the United States Code, as determined by the Bankruptcy Court at a hearing pursuant to Section 1128 of the Bankruptcy Code;

1.2    "ALLOWED ADMINISTRATIVE CLAIM" means an Administrative Claim (a) as to which no objection has been filed or, if an objection has been filed, it has been resolved by the allowance of such Administrative Claim by an order of the Bankruptcy Court which has not been stayed, modified or vacated; (b) which requires payment in the ordinary course of business of the Debtor and as to which there is no order of the Bankruptcy Court in effect which prohibits any such payment; or (c) which requires payment pursuant to an order of the Bankruptcy Court which is not stayed, modified, or vacated.

1.3    "ALLOWED CLAIM" means a Claim, other than an Administrative Claim, which was listed in the Schedules and filed with the Bankruptcy Court by the Debtor and not listed as a disputed, contingent or unliquidated as to amount of the claim or a Proof of Claim with respect thereto was (a) timely filed pursuant to an order of the Bankruptcy Court;( b) deemed filed under Section 1111(a) of the Bankruptcy Code; or (c) late filed with leave of the Bankruptcy Court; or without objection by the Debtor, or another party in interest within a time fixed by the Bankruptcy Court for objecting to each late filing; and if an objection has been filed it was filed within a time fixed by the Bankruptcy Court

or this Amended Plan; (d) The Claim is allowed by a Final Order; or (e) the Claim is allowed under this Amended Plan.

  1.4 "ALLOWED INTEREST" means any Common Stock Interest to which no objection to allowance thereof has been filed within any applicable time for objections or, if an objection has been filed, the Common Stock Interest has been allowed by a Final Order.

  1.5 "ALLOWED PRIORITY CLAIM" means a Priority Claim which is an Allowed Claim pursuant to Sections 507(a)(3), (4) or (6) of the Bankruptcy Code.

  1.6 "ALLOWED SECURED CLAIM" means a Secured Claim which is an Allowed Claim secured by a lien, security interest or other charge against the property in which the estate has an interest, or which is subject to set-off under Section 553 of the Bankruptcy Code, to the extent of the value, determined in accordance with Section 506(a) of the Bankruptcy Code, of the interest of the holder of such secured Claim in the state's interest in such property, or to the extent of the amount subject to any set-off, as the case may be. An Allowed Secured Claim may include post-petition interest if permitted under Scion 506 (b) of the Code. Allowed Secured Claims provide for the payment of attorneys fees and costs as provided by 11 U.S.C. Section 506.

  1.7 "ALLOWED UNSECURED CLAIM" means an Unsecured Claim which is an Allowed Claim.

  1.8 "AMENDED DISCLOSURE STATEMENT" means the Amended Disclosure statement with respect to the Amended Plan which is approved by the Bankruptcy Court under Section 1125 of the Bankruptcy Code.

  1.9 "AMENDED PLAN" means the Plan of Reorganization in the form filed by the Proponents and any amendments or modifications thereof or supplements thereto filed by the Proponents and allowed by the Bankruptcy Code and the Bankruptcy Rules.

  1.10 "ASSUMPTION LIST" shall have the meaning set forth in Section 5.1 of this Amended Plan.

  1.11 "AVOIDANCE ACTION" means any adversary proceeding brought to seek the

3

recovery of money or property on account of transactions avoidable under Section 544, 547, 548, 549 or 550 of the Bankruptcy Code.

  1.12 "BALLOT" means the Ballot for accepting or rejecting this Amended Plan in a form approved by the Bankruptcy Court.

  1.13 "BANKRUPTCY CODE" means Title 11 of the United States Code, including any amendments thereto, which is in effect before and as of the Confirmation Date, and thereafter during the Reorganization Case to the extent that it is consistent with the vested rights under this Amended Plan and the Confirmation Date.

  1.14 "BANKRUPTCY COURT" means the United States Bankruptcy Court for the District of Nevada, or any successor thereto which may be established by an act of Congress, or otherwise, and which has competent jurisdiction over the Reorganization Case, the Estate, and this Amended Plan.

  1.15 "BANKRUPTCY RULES" means the Federal Rules of Bankruptcy Procedure, as amended, promulgated under 28 U.S.C. § 2075 and the Local Bankruptcy Rules, including any amendments thereto, which are in effect before and as of the Confirmation Date, and thereafter during the Reorganization Case to the extent that they are consistent with the vested rights under this Amended Plan and the Confirmation Order.

  1.16 "BUSINESS DAY" means any day except Saturday, Sunday, or legal holiday as defined in Bankruptcy Rule 9006(a).

  1.17 "BAR DATE" means the date set by the court to file proof of claims which was April 28, 2010.

  1.18 "CASE" the within Chapter 11 proceeding, known as TDF INVESTMENTS, LLC, Case No. BK-S-09-31291-bam pending before the United States Bankruptcy Court, District of Nevada.

  1.19 "CLAIM" any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed contingent, matured, unmatured, disputed, legal, equitable, secured or

unsecured; or a right to an equitable remedy for breach of performance if such breach gives right to a right to payment, whether or not such right is an equitable remedy or is reduced judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.20 "CLAIMANT" means the holder of an Allowed Claim or an Allowed Administrative Claim.

1.21 "CLASS" means each of the categories of Allowed Claims and Allowed Interests described in Article III of this Amended Plan.

1.22 "COMMON MEMBERSHIP INTERESTS" means the outstanding membership interest in the Debtor as of the Confirmation Date.

1.23 "CONFIRMATION" means the entry of the Confirmation Order by the Bankruptcy Court.

1.24 "CONFIRMATION DATE" means the date on which the Confirmation Order is entered on the Bankruptcy Court's docket.

1.25 "CONFIRMATION ORDER" means the order of the Bankruptcy Court confirming the Amended Plan pursuant to Section 1129 of the Bankruptcy Code.

1.26 "CREDITOR" means any Person which asserts a Claim.

1.27 "DEBTOR" means TDF INVESTMENTS, LLC in all its capacities, including its capacities as the debtor in the Reorganization Case.

1.28 "DEBTOR'S PROFESSIONALS" means DAVID J. WINTERTON & ASSOCIATES, LTD. and all other professionals retained by the Debtor with the approval of the Bankruptcy Court in accordance with Section 327 of the Bankruptcy Code.

1.29 "DISALLOWED CLAIM" means every Claim which is not an Allowed Claim or an Allowed Administrative Claim or to which the Debtor in good faith intends to object or to seek to subordinate before the deadline for taking such action set forth in the Amended Plan or in an order of the Bankruptcy Court.

1.30 "DISPUTED CLAIM" means every Claim which is not an Allowed Claim or an

Allowed Administrative Claim or to which the Debtor in good faith intends to object or to seek to subordinate before the deadline for taking such action set forth in the Amended Plan or in an order of the Bankruptcy Court.

1.31 "EFFECTIVE DATE" means date the Amended Plan becomes effective which is Thirty (30) days after the Confirmation Date or a date extended by the Bankruptcy Court.

1.32 "ESTATE" means the estate created in this Reorganization Case pursuant to Section 541 of the Bankruptcy Code.

1.33 "ESTATE ASSETS" means all assets and property of every kind, nature and description in which the Debtor or its Estate has any right, title or interest that it not secured including, but not limited to: all cash, cash equivalent, bank deposits, instruments, credit instruments, certificates of deposits and sight drafts, all executory contracts and leases which are not and have not been rejected, all trademarks, tradenames, service marks, displays, symbols, color arrangements, designs and logos.

1.34 "EXPIRATION DATE" means the last date determined by the Bankruptcy Court for the casting of Ballot which date shall be acceptable to the Proponent.

1.35 "FINAL ORDER" means an order, judgment or other decree which has not been vacated, reversed, stayed, modified or amended and: (a) as to which any appeal or certiorari proceeding which has been or may be prosecuted has been finally decided, or (b) as to which the time for such an appeal or certiorari proceeding has expired and as to which no appeal or petition for certiorari is pending. Notwithstanding the foregoing, the Proponents will have the right, but not the obligation, to waive any requirement of a Final Order or to treat the requirement as being satisfied where the subject order, judgment, or other decree is not stayed and performance thereof will moot any appeal or certiorari proceeding.

1.36 "ORDER" an order or Judgment of the Bankruptcy Court as entered by the Clerk of the Court on the docket in this Case.

1.37 "PERSON" any natural person, corporation, general partnership, limited partnership

association, joint stock company, joint venture, estate, trust, government or any political subdivision thereof, governmental unity (as defined in the Bankruptcy Code), official committee appointed by the United States Trustee or other legal entity.

1.38 "PETITION DATE" means the date on which a petition for relief under chapter 11 of the Bankruptcy Code was filed by the Debtor commencing this Reorganization Case.

1.39 "PRIORITY CLAIMS" means Claims entitled to priority under Sections 507(a)(2) through 507(a)(6) of the Bankruptcy Code. Claims, if any, entitled to priority under Section 507(a)(7) of the Bankruptcy Code will be treated separately as unclassified Claims in accordance with Section 1129(a)(9)(C) of the Bankruptcy Code. There are no Claims against the Debtor under Section 507(a)(8) of the Bankruptcy Code.

1.40 "PROPONENTS" means the Debtor as the proponents of this Amended Plan.

1.41 "PRO RATA SHARE" means the proportion that an Allowed Claim in a particular Class bears to the aggregate amount of all Allowed Claims in such Class.

1.42 "SCHEDULES" set forth on the Schedules of Assets and Liabilities on file with the Clerk of the Bankruptcy Court, including any filed Amendments thereto.

1.43 "SECURED CLAIM" means a Claim secured by a Lien which is valid, perfected, enforceable and not avoidable.

1.44 "REORGANIZATION CASE" means the Debtor's case under Chapter 11 of the Bankruptcy Code which is currently pending before the Bankruptcy Court as Case No. BK-S-09-31291-bam.

1.45 "UNSECURED CLAIM" means any Claim which is not a Secured Claim, a Priority Claim, an Administrative Claim, or an unclassified Claim having priority and required to be treated as provided in Sections 507(a)(8) and 1129(a)(9)(C) of the Bankruptcy Code.

1.46 "OTHER DEFINITIONS" A term used in this Amended Plan that is not defined in this Amended Plan,

## ARTICLE II

## TREATMENT OF UNCLASSIFIED CLAIMS

2.1     Subject to the Bankruptcy Court's power to authorize or order earlier payment of Allowed Administrative Claims and Allowed Claim under Section 507(a), (including, but not limited to, allowances of professional fees and costs and fees relating to the assumption and rejection of leases), each Allowed Administrative Claim will receive cash in the amount of such Claim paid on: (a) the Effective Date; (b) the first Business Day following the date on which it becomes an Allowed Administrative Claim; (c) if incurred in the ordinary course of business, the date on which payment is due in accordance with the terms applicable thereto; (d) under such terms as the parties may agree upon for payment or (e) as allowed under Section 507 (a) (8) of the bankruptcy Code.

2.2     The unclassified Claims are not impaired by the Amended Plan. The administrative Expenses incurred in the administration of the estate, reviewing proof of claims, preparing a plan of reorganization, a disclosure statement and other administrative expenses are as follows:

1. Attorney fees                    $15,000.00
2. United States Trustee Fees       $2,500.00

## ARTICLE III

## CLASSIFICATION OF CLAIMS AND INTERESTS

3.1     (a)     Article III designate Classes of Claims and the Common Stock Interests. Administrative Claims and certain unsecured priority tax claims, if any, have not been classified and are excluded from the following Classes. Such Claims are treated in Article II of the Amended Plan in accordance with Section 1123(a)(1) of the Bankruptcy Code.

(b)     Notwithstanding references to Allowed Claims in the Classes established by the following Sections of this Article III, the Claims sought to be classified and treated in those various Classes may not currently be Allowed Claims, and may be Disputed

1 | Claims. The Proponent reserves all rights in this regard.

        (c)    Notwithstanding references to Allowed Claims in the Classes established by the following Sections of this Article III, the Claims sought to be classified and treated in those various Classes may not currently be Allowed Claims, and may be Disputed Claims. The Proponent reserves all rights in this regard.

    3.2    *Class 1* will consist of all Allowed Secured Claim of Velocity Commercial Capital, LLC

    3.3    *Class 2* will consist of all Allowed Unsecured Claim will consist of all Allowed Unsecured Claims for goods and/or services provided to the Debtor before the Petition Date, Allowed Unsecured Claims for breach of contract or rejection of executory contracts and unexpired leases (within the meaning of Section 365 of the Bankruptcy Code), Allowed Unsecured Claims for damages, and Allowed Unsecured Claims in respect of the deficiency Claims of the Creditors except is classified above.

    3.4    *Class 3* The Class 3 Claimants which are all of the other Allowed Common Stock Interests.

    3.5    Any Class which is not occupied, as of the hearing on the Confirmation Date of the Amended Plan, by an Allowed Claim or a Claim temporarily allowed pursuant to Bankruptcy Rule 3018 will be deemed deleted from the Amended Plan for purposes of the voting on acceptance or rejection of the Amended Plan.

## ARTICLE IV

## TREATMENT OF CLASSIFIED CLAIMS AND THE COMMON STOCK INTERESTS

*Class 1* is impaired. The Class 1 Claimant will consist of any Allowed Secured Claims of Velocity Commercial Capital LLC. The value of the Allowed Secured Claim is $650,000.00. The rate of interest on the Note is 8.55 percent and the rate of interest will be the same under this Amended Plan. The original note was signed in January of 2006 for a term of thirty (30) years.

1  The terms of the note will stay the same. The monthly interest only payments on the Allowed
2  Secured Claim of $650,000. The interest payments will be paid at the same interest rate provided
3  under the original contract calculated over the same terms of thirty-years (30) as stated under the
4  original contract. The Amended Plan, how provides for a balloon payment in five (5) years. The
5  Allowed Secured Creditor will retain the liens securing such claims whether the property subject
6  to such liens is retained by the Debtor or transferred to another entity, to the extent of the allowed
7  amount of such claims. At the end of the five (5) years there will be a balloon payment. The
8  Allowed Secured Claimant will be paid equally in accordance to the terms and conditions of the
9  Allowed Secured Claim as approved by the United States Bankruptcy Code. The Claimant will
10 receive on account of such claim deferred cash payments totaling at least the allowed amount of
11 such claim, of a value, as of the Effective Date of the Amended Plan, of at least the value of such
12 holder's interest in the estate's interest in such property and for the realization by such holder of
13 the indubitable equivalent of such claim.
14    *Class 2* is impaired. The Class 2 Claimants shall consist of the Allowed Unsecured
15 Claims for goods and/or services provided to the Debtor before the Petition Date, Allowed
16 Unsecured Claims for breach of contract or rejection of executory contracts and unexpired leases
17 (within the meaning of Section 365 of the Bankruptcy Code), Allowed Unsecured Claims for
18 damages, and Allowed Unsecured Claims in respect of the deficiency Claims. This is to insure all
19 creditors will be paid prior to any other claims being paid to any insider. The Debtor will make
20 quarterly payments to the Allowed Unsecured Claimants after the Administrative Claims have
21 been paid. The Claimant shall receive or retain on account of such claim property of a value, as
22 of the Effective Date of the Amended Plan equal to the allowed amount of such claim. The
23 Claimants will be paid twenty-five (25%) cents on the Dollar based upon the cash flow of the
24 Debtor.
25    *Class 3* is impaired. The Class 3 Claimants shall retain all of the other Allowed
26 Common Stock Interests as long as it complies with requirement of Section 1129.
27
28                                              10

## ARTICLE V

## EXECUTORY CONTRACTS

5.1     On the Effective Date, the executory contracts and leases listed on the "Assumption List," shall be assumed. The Assumption List may be amended by the Proponents at any time prior to the Effective Date; provided, however, that any amendments made after Confirmation shall be subject to approval by the Bankruptcy Court after notice and a hearing. All executory contracts and leases not listed on the Assumption List, if any, or that is the subject of a motion to assume filed prior to Confirmation, shall be rejected at Confirmation.

5.2     Each party to an executory contract or unexpired lease which is rejected at Confirmation shall file, not later than thirty (30) days after the Confirmation Date, a proof of claim for any Claim arising from the rejection of such executory contract or unexpired lease. Allowed Unsecured Claims arising out of the rejection of executory contract or unexpired leases shall be treated as a Class 4 Claimants.

## ARTICLE VI

## IMPLEMENTATION, EXECUTION AND EFFECT OF THE AMENDED PLAN

6.1     The Debtor has sufficient cash to make the payments that will be requried under the Amended Plan. The Debtor will make payments to the Allowed Secured Claimant. The Debtor will also make quarterly payments to the creditors in the following order: the Allowed Administrative Claims, Allowed Priority Claims, Allowed Unsecured Claims and Allowed Interest Claims. It is estimated that the Debtor will take five (5) years to make the payments required under the Amended Plan.

6.2     From and after Confirmation, the Debtor and the Estate will continue to be subject to the Bankruptcy Code and to the jurisdiction of the Bankruptcy Court (which shall retain such jurisdiction) pending the Effective Date as if Confirmation had not occurred. The Debtor shall manage the Property until the Effective Date. From Confirmation until the Effective Date, the Debtor in its capacity shall make all payments and expenditures, and the Debtor's Professionals

shall take all actions, necessary or appropriate to facilitate or effectuate the Amended Plan.

  6.3 On or before the Effective Date, the following transactions (among others) will occur or will have occurred:

  (a) The Amended Plan shall have been confirmed pursuant to the Confirmation Order and the Confirmation Order will be in full force and effect without any modification thereof, and not subject to any say;

  (b) There will not be in effect any injunction or restraining order or any other order of any kind which has been issued by a court of competent jurisdiction or other governmental entity staying, restricting or prohibiting the implementation of the Amended Plan;

  (c) There shall not be in effect any statute, rule, regulation or order enacted, promulgated or entered which is applicable to the implementation of the Amended Plan and which results in any of the consequences referred to in subparagraph above; and

  6.4 Avoidance actions under Bankruptcy Code Sections 544, 547, 548, 549, 550, 551, and any other applicable section of the Bankruptcy Code, shall be preserved for the benefit of Creditors until all Claimants have been paid the full amount due to such Claimants on Allowed Claims under the Amended Plan. In the event the Case is converted from one under Chapter 11 of the Bankruptcy Code to one under Chapter 7 of the Bankruptcy Code, all avoiding actions shall be administered and, if appropriate, prosecuted by the duly-appointed or elected bankruptcy trustee. The Amended Plan will be deemed to be substantially consummated after events have occurred that would constitute substantial consummation under Bankruptcy Code Section 1101(2).

  6.5 If at any time the Debtor defaults in the above payments under the Amended Plan the Debtor will have sixty (60) days to satisfy the arrearage. If the Allowed Claimant seeks to go to the Bankruptcy Court to enforce its Allowed Claim, the Bankruptcy Case is not subject to Conversion, but the Allowed Creditor will only seek dismissal of the Bankruptcy Case or other